```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA      *    Case No.15-CR-00382
                              *
                              *    Brooklyn, New York
                              *    July 14, 2016
     v.                       *
                              *
TYRAN TROTTER,                *
                              *
          Defendant.          *
                              *
* * * * * * * * * * * * * * * *

          TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
             BEFORE THE HONORABLE MARILYN D. GO
                UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:           MARCIA MARIA HENRY, ESQ.
                              Asst. United States Attorney
                              United States Attorney's Office
                              271 Cadman Plaza
                              Brooklyn, NY 11201


For the Defendant:            JEREMY SCHNEIDER, ESQ.
                              Rothman Schneider Soloway &
                                Stern, LLP
                              100 Lafayette St., Ste. 501
                              New York, NY 10013




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1        (Proceedings commenced at 12:44 p.m.)
2              THE CLERK: Criminal cause for pleading, docket 15-
3    CR-382, USA v. Tyran Trotter.  Counsel please state your
4    appearances starting with the government.
5              MS. HENRY:  Good afternoon, Your Honor, Marcia
6    Henry for the United States.
7              MR. SCHNEIDER:  Good afternoon, Your Honor, Jeremy
8    Schneider for Tyran Trotter.
9              THE COURT:  Good afternoon, counselors. Good
10   afternoon, Mr. Trotter.  Now I understand Mr. Trotter intends
11   to plead guilty to a lesser included offense of count 1 of
12   the indictment?
13             MR. SCHNEIDER:  Yes, Your Honor.
14             THE COURT:  Now, Mr. Trotter?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Since this court -- since I understand
17   that you do wish to plead guilty to one of the charges in the
18   indictment, I must be certain that you understand your rights
19   and the consequences of your plea.  I will explain certain
20   matters to you and ask you questions.  If I say anything you
21   don't understand, please say so and I will reword.  Is that
22   clear?
23             THE DEFENDANT:  Yes.
24             THE COURT:  First I'm going to ask you to take an
25   oath.

1           (Defendant is sworn.)
2                THE COURT:  Mr. Trotter, you have just taken an
3       oath to tell the truth.
4                Do you understand that if you answer any of my
5       questions falsely, your answers could later be used against
6       you in another criminal prosecution for perjury or for making
7       a false statement?
8                THE DEFENDANT:  Yes.
9                THE COURT:  Now, as you may know, your case has
10      been assigned to Judge Weinstein and he is the district judge
11      who will make the ultimate decision whether to accept your
12      guilty plea and if he does, he will be the judge who will
13      sentence you.
14               You have the absolute right to have Judge Weinstein
15      listen to your plea and if you choose to do so, that will be
16      without any prejudice to you.
17               Judge Weinstein has issued an order referring your
18      guilty plea to me that I'm holding in my hand and it
19      indicates at the bottom half -- at the bottom half of the
20      page that it's been voluntarily consented to after full
21      consultation by defendant with counsel.
22               Have you had an opportunity to review this form
23      with your attorney?
24               THE DEFENDANT:  Yes.
25               THE COURT:  And do you understand it?

4

1              THE DEFENDANT:  Yes.
2              THE COURT:  Is this your signature on the line at
3    the bottom part of the page following the word, defendant?
4              THE DEFENDANT:  Yes.
5              THE COURT:  Do you in fact give your consent to
6    having your -- having me hear your plea voluntarily and of
7    your own free will?
8              THE DEFENDANT:  Yes.
9              THE COURT:  I'd like you to state for the record
10   your full name.
11             THE DEFENDANT:  Tyran Trotter.
12             THE COURT:  How old are you?
13             THE DEFENDANT:  20.
14             THE COURT:  What schooling or education have you
15   had?
16             THE DEFENDANT:  Say that again?
17             THE COURT:  How many years of schooling have you
18   had?
19             THE DEFENDANT:  I did it up to 10th grade. I got my
20   GED.
21             THE COURT:  You have a GED?
22             THE DEFENDANT:  Yes.
23             THE COURT:  Okay.  Have you had any difficulty
24   understanding the concepts you've discussed with your
25   attorney?

5

```
1              THE DEFENDANT:  No.
2              THE COURT:  And Mr. Schneider, have you had any --
3    have you experienced any difficulty in discussing the case
4    with your client?
5              MR. SCHNEIDER:  No.
6              THE COURT:  Mr. Trotter, are you presently or have
7    you recently been under the care of a doctor or psychiatrist?
8              THE DEFENDANT:  No.
9              THE COURT:  Have you ever been hospitalized or
10   treated for any mental illness or addiction to drugs, alcohol
11   or any other substance?
12             THE DEFENDANT:  No.
13             THE COURT:  In the past 24 hours have you taken any
14   pills, medicine or drugs of any kind?
15             THE DEFENDANT:  No.
16             THE COURT:  Have you drunk any alcoholic beverages?
17             THE DEFENDANT:  No.
18             THE COURT:  Is your mind clear today?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Do you understand the nature of these
21   proceedings?
22             THE DEFENDANT:  Say that again?
23             THE COURT:  Do you understand the nature of these
24   proceedings?
25             THE DEFENDANT:  Yes.
```

6

1  THE COURT: Okay. And I just note for the record,
2  Mr. Trotter's been very attentive and has responded quickly
3  and appears to understand -- I mean to my questions and
4  appears to understand what is going on.
5  Now Mr. Schneider, have you discussed the question
6  of a guilty plea with your client?
7  MR. SCHNEIDER: Yes.
8  THE COURT: In your view does he understand the
9  rights he would be waiving by pleading guilty?
10  MR. SCHNEIDER: Yes.
11  THE COURT: Is he capable of understanding the
12  nature of these proceedings?
13  MR. SCHNEIDER: Yes.
14  THE COURT: Do you have any doubts as to his
15  competency to proceed today?
16  MR. SCHNEIDER: No.
17  THE COURT: Have you advised him of the penalties
18  that can be imposed and discussed th applicable sentencing
19  considerations including the sentencing guidelines?
20  MR. SCHNEIDER: Yes.
21  THE COURT: Mr. Trotter, have you had a full
22  opportunity to discuss your case with your attorney?
23  THE DEFENDANT: Yes.
24  THE COURT: Are you satisfied with your attorney
25  and the assistance he's given you thus far in this matter?

```
 1                THE DEFENDANT:  Yes.
 2                THE COURT:  I'm holding in my hand a copy of the
 3     superceding indictment which is the document that sets forth
 4     the criminal charges that have been brought against you and
 5     ten other defendants beginning with Kamel Lambus.
 6                This superceding indictment sets forth a charge
 7     against you in count 1 of -- and that count is a count
 8     relating to a conspiracy to distribute heroin.
 9                And in addition, the -- it contains seven other
10     counts that are not related to you regarding the possession
11     with intent to distribute heroin and other substances.
12                Have you discussed this superceding indictment with
13     your attorney?
14                THE DEFENDANT:  Yes.
15                THE COURT:  And have you discussed count 1 with
16     him, that --
17                THE DEFENDANT:  Yes.
18                THE COURT:  -- that you'll be pleading guilty to.
19                Do you understand the charge against you?
20                THE DEFENDANT:  Yes.
21                THE COURT:  Then I will explain to you your right
22     to a trial and what rights you would be waiving by pleading
23     guilty to the charge.
24                The first and most important thing you must
25     understand is that you have a right to plead not guilty to
```

1   any charge brought against you and to persist in that plea.
2              Under the constitution of the laws of the United
3   States, you would then have a right to a speedy and public
4   trial before a jury with the assistance of your attorney.  If
5   you cannot afford an attorney, the court will appoint one for
6   you at no cost, as I understand this happened in this case.
7   Do you understand?
8              THE DEFENDANT:  Yes.
9              THE COURT:  Under our laws you are presumed to be
10  innocent and would not have to prove that you are innocent.
11  The burden at trial would be on the government and that
12  burden would be to prove beyond a reasonable doubt that you
13  are guilty of the crimes charged against you.
14             In order to prove you guilty of the crimes charged
15  against you in count 1, the government would have to prove
16  each and every material element, each and every material part
17  of the charge.
18             So count 1 contains -- charges you with a
19  conspiracy and it states that in or about November 14th (sic)
20  and July 2015, you, together with others, did knowingly and
21  intentionally conspire to distribute and possess with intent
22  to distribute a substance containing heroin in violation of
23  federal law.
24             So the government would have to prove beyond a
25  reasonable doubt that within the dates alleged November 14th

1  and July -- November, 2014 and July, 2015, certain acts
2  occurred and they would have to prove beyond a reasonable
3  doubt that you entered into a conspiracy knowingly and
4  willingly.
5      And a conspiracy is an agreement to commit an
6  unlawful act and the object of the conspiracy you're alleged
7  to have entered into was to distribute and possess with
8  intent to distribute a substance containing heroin.
9      And in the indictment you are specifically alleged
10 that the amount of the heroin involved in this conspiracy
11 attributable to you as a result of your conduct and other co-
12 conspirators, reasonably foreseeable to you, was 100 grams or
13 more of a substance containing heroin.
14     Now if the jury -- if the government fails to
15 present beyond a reasonable doubt any part of count 1 of the
16 superceding indictment, you -- the jury would have the duty
17 to find you not guilty and the jury has that duty to find --
18 make a finding as to guilt beyond a reasonable doubt as to
19 every defendant and as to you specifically.  Do you
20 understand?
21     THE DEFENDANT:  Yes.
22     THE COURT:  In the course of a trial witnesses for
23 the government would have to come to court and testify in
24 your presence.  Your lawyer would have the right to cross
25 examine those witnesses and to object to evidence offered by

10

1 the government.  You also have the right to offer testimony
2 and other evidence in your behalf and to compel the
3 attendance of witnesses if you chose to do so.  Do you
4 understand?
5         THE DEFENDANT:  Yes.
6         THE COURT:  Although you have the right to testify
7 at a trial, you cannot be compelled to testify and
8 incriminate yourself.  If you decided not to testify, the
9 court would instruct the jury they could not hold that
10 against you.  Do you understand?
11         THE DEFENDANT:  Yes.
12         THE COURT:  If you plead guilty I will ask you
13 questions about what you did in order to satisfy myself that
14 you are guilty of the charge to which you seek to plead
15 guilty and you will have to answer my questions and
16 acknowledge your guilt.
17         Thus, you will be giving up the right that I've
18 just described, that is the right not to say anything that
19 would show you were guilty of the crime with which you're
20 charged.  Do you understand?
21         THE DEFENDANT:  Yes.
22         THE COURT:  If you plead guilty and the court
23 accepts your guilty plea, you will be giving up your right to
24 a trial and all the other rights I've just discussed.  There
25 will be no trial and the court will simply enter a judgment

11

1    of guilty based on your plea.  Do you understand?
2             THE DEFENDANT:  Yes.
3             THE COURT:  Are you willing to give up your right
4    to a trial and the other rights I've just discussed?
5             THE DEFENDANT:  Yes.
6             THE COURT:  I understand that you have entered into
7    a written agreement with respect to your guilty plea and I
8    have in my hand a six-page document entitled plea agreement
9    that has been marked court exhibit number 1.  I would like
10   you to take a look at court exhibit number 1.
11            Have you had an opportunity to read and consider
12   this entire agreement?
13            THE DEFENDANT:  Yes.
14            THE COURT:  Have you discussed all of the
15   provisions of the agreement with your attorney?
16            THE DEFENDANT:  Yes.
17            THE COURT:  Is that your signature on page six of
18   the agreement?
19            THE DEFENDANT:  Yes.
20            THE COURT:  This agreement provides that you will
21   plead guilty to a lesser included offense of count 1 of the
22   indictment in this case, the superceding indictment.  It sets
23   forth various sentencing considerations and other terms with
24   respect to the guilty plea.
25            Do you understand each and every provision of this

12

1    plea agreement?
2         THE DEFENDANT:  Yes.
3         THE COURT:  Does the agreement as written, contain
4    the entire agreement that you've made with the government?
5    Does the agreement contain all of the terms of the agreement
6    you've reached with the government?
7         THE DEFENDANT:  Yes.
8         THE COURT:  Have there been any other promises that
9    are not contained in this written agreement that caused you
10   to plead guilty?
11        THE DEFENDANT:  No.
12        THE COURT:  Has anyone made you any promises as to
13   what your sentence will be?
14        THE DEFENDANT:  No.
15        THE COURT:  Now let me discuss with you the
16   consequences of pleading guilty today.  As the plea agreement
17   notes, you will be pleading guilty to a lesser included
18   offense of count 1.  The statute that you're accused of
19   violating that you will be pleading guilty to provides for a
20   term of imprisonment from zero to 20 years.
21        In determining what sentence to impose within the
22   statutory range, Judge Weinstein will consider the guidelines
23   issued by the United States Sentencing Commission and the
24   other factors specified by Section 3553(a) of the United
25   States Criminal Code and determining whether to impose a

1   sentence within the guideline range.
2              The other factors the court will consider include
3   the nature and circumstances of the crimes committed, your
4   characteristics and criminal history and the public interest
5   in your sentence.
6              Prior to sentencing the court will receive a pre-
7   sentence report containing information about those factors
8   and the guidelines.  You and your lawyer will have the
9   opportunity to see that report and to speak on your behalf at
10  sentencing.  Do you understand?
11             THE DEFENDANT:  Yes.
12             THE COURT:  Have you and your attorney discussed
13  the sentencing guidelines and how they might apply to your
14  case?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Now as you may know, some of the most
17  important factors in determining the guideline range with
18  respect to the charge in the indictment are the drug type and
19  quantity involved.
20             Under the plea agreement you have agreed that your
21  guideline range should be calculated based on a drug type and
22  quantity of at least 400 grams of heroin and this will have
23  an important effect on what your guideline range will be.  Do
24  you understand that?
25             THE DEFENDANT:  Yes.

14

1  THE COURT: Now as the plea agreement makes clear,
2  the guidelines are advisory.
3  However, I'm going to ask the attorney's here to
4  give me their best estimate of the likely guideline range.
5  MS. HENRY: Your Honor, based on an adjusted
6  offense level of 23, and then an assumed criminal history
7  category of 1, the guidelines estimate in this case is 46 to
8  47 months imprisonment.
9  THE COURT: Do you agree with that estimate Mr.
10 Schneider?
11 MR. SCHNEIDER: Yes.
12 THE COURT: Now Mr. Trotter, keep in mind even
13 though the attorney's are in agreement, they are just
14 estimates at this time. They could change based on new facts
15 and information obtained.
16 Until a pre-sentence report is prepared and the
17 court hears from you, your lawyer and the government attorney
18 at sentencing, we will not know with certainty what the
19 guidelines will be or whether there will be grounds to depart
20 from them or whether the court will impose a non-guideline
21 sentence. Do you understand?
22 THE DEFENDANT: Yes.
23 THE COURT: Under the plea agreement the government
24 has agreed not to take any position concerning where within
25 the guideline range determined by the court your sentence

1  should fall.

2  Do you understand that any recommendation made by
3  you and your attorney, even if it's not opposed by the
4  government, is simply a recommendation and could be rejected
5  by the court?

6  THE DEFENDANT: Yes.

7  THE COURT: So if your sentence is higher than
8  recommended or expected or the guideline estimates you've
9  heard are wrong, you will not be able to withdraw your guilty
10 plea, is that clear?

11 THE DEFENDANT: Yes.

12 THE COURT: In addition to imprisonment, you will
13 be sentenced to supervised release. Supervised release means
14 that after you're released from prison, your activities will
15 be supervised by the probation department and there may be
16 many restrictions placed on your liberty such as travel
17 limitations, requirements that you report regularly to a
18 probation officer, prohibitions on carrying guns and the
19 like.

20 Do you understand the nature of supervised release?

21 THE DEFENDANT: Yes.

22 THE COURT: The statute you're accused of violating
23 provides for a minimum supervised release term of three years
24 and a maximum term of life.

25 What's important to keep in mind is that if you

1    violate the conditions of supervised release, you could be
2    returned to prison for up to two years, even if the violation
3    occurs close to the end of the supervised period and you
4    could be subject to yet another supervised release term.
5         That means that if you don't follow the conditions of
6    supervised release, your prison term could be substantially
7    lengthened.  Do you understand?
8              THE DEFENDANT:  Yes.
9              THE COURT:  You could also be subject to a monetary
10   fine of up to $1 million and you will have to pay a mandatory
11   special assessment.
12             Now if you are not a United States citizen, I'm
13   advising you that a conviction also carries serious
14   immigration consequences.
15             A non-citizen convicted of a charge that you will
16   be pleading guilty to, may be removed from the United States,
17   denied citizenship and denied admission to the United States
18   in the future.  Do you understand?
19             THE DEFENDANT:  Yes.
20             THE COURT:  If after your sentence you or your
21   attorney think that court has not properly followed the law
22   in sentencing you, you ordinarily have the right to appeal
23   your sentence to a higher court.
24             However, under the plea agreement, you have
25   substantially limited your right of appeal and agree not to

1   file any appeal or otherwise challenge your conviction or
2   your sentence if you are subject to a term of imprisonment of
3   63 months or less.  Do you understand?
4              THE DEFENDANT:  Yes.
5              THE COURT:  Do you have any questions you would
6   like to ask me about the charge, your rights or anything else
7   relating to this matter?
8              THE DEFENDANT:  No, ma'am.
9              THE COURT:  Is everything clear to you?
10             THE DEFENDANT:  Yes.
11             THE COURT:  Mr. Schneider, do you know of any
12  reason why your client should not enter a plea of guilty to
13  the charge?
14             MR. SCHNEIDER:  No, Your Honor.
15             THE COURT:  Are you aware of any viable legal
16  defense?
17             MR. SCHNEIDER:  No.
18             THE COURT:  Mr. Trotter, are you ready to plea?
19             THE DEFENDANT:  Yes.
20             THE COURT:  How do you plead to the charge
21  contained in count 1 of the superceding indictment?
22             THE DEFENDANT:  Guilty.
23             THE COURT:  Are you making your plea of guilty
24  voluntarily and of your own free will?
25             THE DEFENDANT:  Yes.

18

1         THE COURT: Has anyone threatened or forced you to
2 plead guilty?
3         THE DEFENDANT: No.
4         THE COURT: Other than the plea agreement marked
5 Court Exhibit No. 1, has anyone made you any promise that
6 caused you to plead guilty?
7         THE DEFENDANT: No.
8         THE COURT: Has anyone made any promise about the
9 sentence you will receive?
10         THE DEFENDANT: No.
11         THE COURT: Then I would like you to discuss in
12 your own words what you did in connection with the crime
13 charged in count 1.
14         THE DEFENDANT: Between November, 2014 and July,
15 2015 within the Eastern District of New York and elsewhere, I
16 knowingly and intentionally agreed and conspired with others
17 to distribute and possess with intent to distribute, a
18 controlled substance in violation of the -- in that law.
19         I had telephone conversations on June 11th, 13th
20 and 14th of 2015, related to distribution of heroin while I
21 was in Queens, New York. I knew that what I was doing was
22 illegal.
23         THE COURT: And do you agree -- I just want you to
24 confirm your agreement in the plea agreement that the amount
25 of the heroin attributable to your conduct was 400 grams or

1 more?

2 MR. SCHNEIDER:  Yes, actually, Your Honor, I know
3 it says 400 grams, but I think the indictment says 400 grams
4 to his conduct or what was reasonably foreseeable to him as -
5 -

6 THE COURT:  Yes.  Was that reasonably foreseeable
7 that your --

8 THE DEFENDANT:  Yes.

9 THE COURT:  -- conduct involved 400 grams or more
10 of heroin, the distribution --

11 THE DEFENDANT:  Yes.

12 THE COURT:  Okay.  Is there anything else the
13 attorney's want to add?

14 MS. HENRY:  Nothing from the government, Your
15 Honor.

16 MR. SCHNEIDER:  No, Your Honor.

17 THE COURT:  Then based on the information given to
18 me, I find that Mr. Trotter is acting voluntarily, that he
19 fully understand the charge, his rights and the consequences
20 of his plea, and that there is a factual basis for the plea.

21 I therefore recommend to Judge Weinstein to accept
22 his plea of guilty to count 1 of the superceding indictment.
23 Has there been a date set for sentencing?

24 THE CLERK:  Yes.  Judge Weinstein sets January 17th
25 of 2017 at 10:30 in the morning.

20

1          THE COURT: Thank you.

2     (Proceedings concluded at 1:08 p.m.)

3

4  I, CHRISTINE FIORE, court-approved transcriber and certified

5  electronic reporter and transcriber, certify that the

6  foregoing is a correct transcript from the official

7  electronic sound recording of the proceedings in the above-

8  entitled matter.

9

10  *[signature: Christine Fiore]*

11  _____          August 18, 2016

12     Christine Fiore, CERT