FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 18 2016 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| UNITED STATES OF AMERICA | 15-CR-382 |
|---|---|
| – against – | Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2) |
| TYRAN TROTTER, | |
| Defendant. | |

JACK B. WEINSTEIN, Senior United States District Judge:

**Appearances**

**For United States:**

Lauren Howard Elbert
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7577
lauren.elbert@usdoj.gov

Marcia Maria Henry
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6393
marcia.henry@usdoj.gov

Michael P. Robotti
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7576
michael.robotti@usdoj.gov

**For Defendant:**

Jeremy Schneider
Rothman, Schneider, Soloway & Stern, P.C.

i

100 Lafayette Street, Suite 501
New York, NY 10013
212-571-5500
jschneider@rssslaw.com

Lucas Craig Arment Anderson
Rothman, Schneider, Soloway & Stern, P.C.
100 Lafayette Street, Suite 501
New York, NY 10013
212-571-5500
landerson@rssslaw.com

Table of Contents

I.    Introduction ........................................................................................................... 1
   A. Instant Offenses ................................................................................................ 1
   B. Arrest ................................................................................................................ 2
   C. Guilty Plea ........................................................................................................ 2
   D. Sentencing Hearing ........................................................................................... 2
II.   Offense Level, Category, and Sentencing Guidelines Range ............................ 3
III.  Law ....................................................................................................................... 3
IV.   18 U.S.C. § 3553(a) Considerations ................................................................... 4
V.    Sentence ............................................................................................................... 5
VI.   Conclusion ........................................................................................................... 6

I.    Introduction

Defendant pled guilty to one count of conspiracy to distribute heroin pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(C). He participated in a drug trafficking organization ("DTO") to distribute heroin in Queens, New York. Eleven other defendants are currently awaiting trial or sentencing in the above-captioned case.

On October 7, 2016, defendant was sentenced to two years in custody with approximately 15 months time-served, three years of supervised release, and a $100 special assessment. *See* Sentencing Hr'g Tr., Oct. 7, 2016 ("Oct. 7 Sent. Hr'g"). The court recommended that in the last six months of his sentence, Mr. Trotter be transferred to a facility such as a halfway house that will assist him in his re-integration into his community. *Id.*

   A.    Instant Offenses

Mr. Trotter is a 20-year-old U.S. citizen. *See* Presentence Investigation Report, Sept. 22, 2016 ("PSR"), at 2. An investigation commenced by Homeland Security Investigation ("HSI") and other law enforcement agencies in 2013 revealed that Mr. Trotter, together with Kamel Lambus, Stanley Fuller, Shavona Trappier, Shakeem Powell, Sean Brabram, Scott Williams, Tyrone Thomas, Andre Mitchell, Earl Davis, Michael Scott, and Henry Curry ("defendants"), was participating in a street gang called Paper Chasing Goons. PSR at ¶ 2. The remaining

1

defendants are currently awaiting trial or sentencing. *Id.* at 3. The investigation revealed that the DTO had access to narcotics and firearms, and distributed heroin to a network of drug traffickers who then sold it to customers. *Id.* at ¶¶ 2-3. Defendants sold heroin from several stash houses, and during the course of the investigation, it was determined that Mr. Trotter used a mobile telephone to distribute heroin to the DTO's customers. *Id.* at ¶¶ 3-4.

Between November 2014 and July 2015, Mr. Trotter conspired to distribute at least 400 grams of heroin as an independent drug dealer within the DTO. There is no evidence that Mr. Trotter possessed or used a firearm in connection with his involvement in the DTO. *Id.* at ¶¶ 8-9.

### B. Arrest

Mr. Trotter was arrested by HSI agents on July 8, 2015. PSR at ¶ 7. He has remained in custody since his arrest. *Id.* at 1.

### C. Guilty Plea

On July 14, 2016, Mr. Trotter pled guilty to one count of conspiracy to distribute heroin pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(C). *See* Hr'g Tr., July 14, 2016, ECF No. 260, at 18:14-19:22. The offense carried a maximum term of imprisonment of 20 years. 21 U.S.C. § 841(b)(1)(C). A special assessment of $100 was mandatory. 18 U.S.C. § 3013. The statutory provisions and Sentencing Guidelines ("Guidelines") impose a term of supervised release of three years. 21 U.S.C. § 841(b)(1)(C); U.S.S.G. § 5D1.2(c).

### D. Sentencing Hearing

A sentencing hearing was conducted on October 5 and 7, 2016. The sentencing hearing was videotaped to develop an accurate record of the courtroom atmosphere, as well as some of the subtle factors and considerations that a district court must consider in imposing a sentence. *See* 18 U.S.C. § 3553(a); *In re Sentencing*, 219 F.R.D. 262, 264–65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

2

## II. Offense Level, Category, and Sentencing Guidelines Range

Defendant's base offense level is 26, with a criminal history category of I. *See* PSR at ¶¶ 50, 62. The offense level was decreased by three points pursuant to U.S.S.G. § 3E.1.1(a)-(b) for defendant's acceptance of responsibility. PSR at ¶¶ 57-58. The total adjusted offense level is 23. *Id.* at ¶ 59. The parties do not object to the above Guidelines calculation. *See* Oct. 7 Sent. Hr'g. The Guidelines imprisonment range is 46 to 57 months. *See* U.S.S.G. Ch. 5 Pt. A; PSR at ¶ 90.

Pursuant to the Supreme Court's decision in *United States v. Booker*, the Guidelines are advisory; a sentencing court may depart from the Guidelines in the interest of justice as well as in light of other statutory concerns as expressed in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense.").

## III. Law

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the Sentencing Guidelines referred to in section 3553(a)(4) of title 18, the court shall indicate the specific reasons for imposing a different sentence. *See* 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now advisory rather than mandatory, *Booker*, 543 U.S. at 245-46, the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

3

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006), *abrogated in part on other grounds by Kimbrough v. United States*, 552 U.S. 85 (2007). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)).

In view of the excessive incarceration rates in the recent past and their unnecessary, deleterious effects on individuals sentenced, society and our economy, parsimony in incarceration is to be prized. *See, e.g.*, 18 U.S.C. § 3553(a) ("The court shall impose a sentence sufficient, but not greater than necessary."); National Research Council of the National Academies, *The Growth of Incarceration in the United States, Exploring Causes and Consequences*, 8 (2014) ("*Parsimony*: the period of confinement should be sufficient but not greater than necessary to achieve the goals of sentencing policy.").

## IV. 18 U.S.C. § 3553(a) Considerations

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Mr. Trotter was born in 1996 in Queens, New York. PSR at ¶ 69. He has nine siblings, one of whom is currently incarcerated. *Id.* at ¶ 70. Defendant's mother is a recovering drug abuser and currently works as a house cleaner. *Id.* at ¶ 69. Defendant never met his father. *Id.* Defendant resided with his mother for the first fourteen years of his life, but when she lost her job and family home in approximately 2010 due to narcotics abuse, defendant and his brothers were placed in a foster home in Queens. *Id.* at ¶ 71. After several months in foster care, defendant lived in a group home for two years. *Id.* Until his arrest, he did not have a stable

place to live: he resided with friends, family members, and his former girlfriend. *Id.* He intends to live with his mother once he is released from custody. *Id.* His family is aware of his conviction and remains supportive of him. *Id.* at ¶¶ 69-70.

Defendant grew up in a poor household. *Id.* at ¶ 71. He left school after completing the sixth or seventh grade because he was placed in foster care. *Id.* at ¶ 83. He earned his General Educational Development diploma in 2013 while he was incarcerated. *Id.* at ¶ 82.

Defendant currently does not use drugs or alcohol. *Id.* at ¶ 81. He has no income and relied on his sister for financial assistance since he was 18 years of age. *Id.* at ¶¶ 85, 87. Mr. Trotter's involvement in the DTO involved no violence, use of firearms, or supervision of others. *Id.* at ¶ 9. He has repeatedly accepted responsibility for his offenses. *Id.* at ¶¶ 57-58; Def.'s Sentencing Mem., Sept. 23, 2016, ECF No. 270, at 5. Shortly before the sentencing hearing on October 5, 2016, Mr. Trotter received news that his brother had been shot to death. *Id.*

## V. Sentence

Under section 3553(a)(2)(B) of title 18, a sentencing court must consider two major factors: general and specific deterrence.

In light of the nature of the offense and the characteristics of the defendant, Mr. Trotter is sentenced to two years, with time-served of approximately 15 months. *See* Oct. 7 Sent. Hr'g. The court recommended that in the last six months of his sentence, Mr. Trotter be transferred to a facility such as a halfway house that will assist him in his re-integration into his community. *Id.* A $100 special assessment was imposed. 18 U.S.C. § 3013. No fine was imposed in light of the defendant's inability to pay one. *See* Oct. 7 Sent. Hr'g; PSR at ¶ 87. Three years supervised release was ordered. *See* Oct. 7 Sent. Hr'g. The underlying indictment under 21 U.S.C. § 841(a)(1) was dismissed by the court. *See* Oct. 7 Sent. Hr'g.

General and specific deterrence are achieved by the sentence imposed. Mr. Trotter pled guilty to a serious offense. He has expressed genuine remorse for his conduct and understands the gravity of his actions.

## VI.  Conclusion

All relevant elements of the Guidelines and statutes have been considered. Respectful consideration was given to the Sentencing Commission's policy statements, and all other factors listed under section 3553(a) of title 18, to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

*[signature]*
Jack B. Weinstein
Senior United States District Judge

Dated: October 11, 2016
Brooklyn, New York